William M. Katz, Jr. (WK 1776)
THOMPSON & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214-969-1330

Attorney for Defendant
JC FODALE ENERGY SERVICES, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
CAPGEMINI U.S. LLC and CAPGEMINI
TECHNOLOGIES LLC,

|  |  |  |
|---|---|---|
| | Plaintiffs, | 14 CV 9102 |

- against -


JC FODALE ENERGY SERVICES, LLC,

                         Defendant.

--------------------------------------------------------------------X

## DEFENDANT JC FODALE ENERGY SERVICES, LLC'S OBJECTIONS TO JURISDICTION AND ANSWER TO PLAINTIFFS' COMPLAINT

### Objections

Defendant JC Fodale Energy Services, LLC ("**JC Fodale**") asserts the following objections to the Complaint filed by Plaintiffs Capgemini U.S. LLC ("**Capgemini U.S.**") and Capgemini Technologies LLC ("**CGT**" and, together with Capgemini U.S., "**Capgemini**"):

1.  The Court lacks subject matter jurisdiction over CGT and its claims.

2.  CGT lacks standing to sue.

3.  CGT cannot state a claim upon which relief can be granted.

**<u>Answer</u>**

1.      Subject to and without waiving the above objections, JC Fodale files its answer to the allegations made in the numbered paragraphs of the Complaint, and admits:

a)      That Capgemini purports to seek damages from JC Fodale in this action, as alleged in the first sentence of paragraph 1, but denies the remainder of that sentence.

b)      That Capgemini has sent invoices to JC Fodale, as alleged in the second sentence of paragraph 1, but denies the remainder of that sentence.

c)      That JC Fodale terminated any agreement with Capgemini, as alleged in the third sentence of paragraph 1, but denies the remainder of that sentence.

d)      Paragraph 4.

e)      That Capgemini claims this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as alleged in paragraph 5, but denies that the Court has subject matter jurisdiction over CGT or its claims.

f)      That Capgemini claims the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, as alleged in paragraph 6.

g)      That Capgemini claims this Court has personal jurisdiction and venue over JC Fodale, and that Section 11(l)(i) of the Master Services Agreement (the "**Agreement**"), states that, "Notwithstanding the foregoing, any action asserting a claim for collection of fees, expenses and/or compensation due or owing to Capgemini under this Agreement may be brought in state or federal court in New York, New York, which, for purposes of this Agreement, is Capgemini's principal place of business," as alleged in the first sentence of paragraph 7, but denies the remainder of that sentence.

h)      That Section 13 of a Purchase Order dated August 27, 2014, and Section 17 of a Purchase Order dated September 17, 2014, states that, "The parties agree to the exclusive jurisdiction of the federal and state courts of New York in connection with any dispute arising hereunder," as alleged in the second sentence of paragraph 7, but denies the remainder of that sentence.

i)      That Exhibit 1 is a signed copy of the Agreement, as alleged in paragraph 8, but denies the remainder of that paragraph.

j)      That the Agreement states that, "Unless expressly provided otherwise in any SOW, as compensation for the Services and for the discharge of all Capgemini's obligations under any SOW, Client shall pay Capgemini's fees calculated at Capgemini's then-current standard rates.  Such fees shall be payable to Capgemini's account within thirty (30) days after the receipt of an invoice covering Services rendered hereunder not previously invoiced," as alleged in the first sentence of paragraph 9, but denies the remainder of that sentence.

k)      That the Agreement states that, "Capgemini shall also be compensated for its reasonable expenses, including actual costs for travel, living and miscellaneous expenses," as alleged in the second sentence of paragraph 9, and that "Travel is subject to Client's pre-approval," but denies the remainder of that sentence.

l)      That Exhibit 2 is a signed copy of a statement of work, as alleged in the first sentence of paragraph 10, but denies the remainder of that sentence.

m)      That the statement of work states that, "Capgemini fees for Services under this SOW will be charged on a time and materials fee basis based on the actual hours worked by each Capgemini resource multiplied by the applicable billing rate set forth in Section 6.2 and billed in accordance with the schedule in Section 6.3 set forth below," and that the estimated

"Implementation Fees: for the scope of Services under this SOW for phase 1 and phase 2" were $3,421,370, as alleged in the second sentence of paragraph 10, but denies the remainder of that sentence.

n)     That the statement of work states that, "Invoicing will occur at the start of each month and will be based on forecasted fees for that month.  A monthly reconciliation exercise will be conducted each month wherein invoiced hours (forecast) will be compared to actual for the previously invoiced month.  Overpayment or Underpayment (if any) will be determined and then credited or debited on current months' invoice," as alleged in the first sentence of paragraph 11, but denies the remainder of that sentence.

o)     That the statement of work includes a payment schedule for invoicing by Capgemini U.S., as alleged in the second sentence of paragraph 11, but denies the remainder of that sentence.

p)     That Exhibit 3 is a statement of work, which states that, "For this SOW, Capgemini will provide Set Up and Managed Services (as defined in Section 2.2) for the configured platform (the "COMPLETE Management Platform") built upon the Infrastructure Platform (as defined in Section 4) provided by Amazon Web Services ('AWS')," as alleged in paragraph 12, but denies the remainder of that paragraph.

q)     That the statement of work states that, "Upon execution of this SOW, Client shall be invoiced a one-time amount for the Capgemini Set Up Services (as set forth in Section 2.2(A)) and a one-time amount for the AWS 3 Year Reserve Fee for the Infrastructure Platform. (The One-Time Setup Fee for the Managed Services and the One-Time AWS 3 Year Reserve Fee for the Infrastructure Platform charges are no refundable, regardless of any early termination

of the SOW for any reason.)," as alleged in paragraph 13, but denies the remainder of that paragraph.

r)       That the statement of work states that, "Capgemini will invoice all AWS fees through its affiliate Capgemini Technologies LLC," as alleged in the first sentence of paragraph 14, but denies the remainder of that sentence.

s)       That the statement of work provides non-binding estimates for certain services, including an estimate of $25,500.00 for the "Total Estimated One-Time Setup Fee for the Managed Services," and an estimate of $122,134.00 for a "Total Estimated One-Time AWS (1 Year or 3 Year) Reserve Fee for the Infrastructure Platform," as alleged in the second sentence of paragraph 14, but denies the remainder of that sentence.

t)       That statement of work states that, "The first component is the actual AWS usage charges for the Computing, Storage and Bandwidth requirements.  (This is reflected in the third row of the pricing.)   This is an estimated charge as this environment is based on specific consumption usage," and that the "Total Estimated Monthly AWS Fee for the Infrastructure Platform" was $7,886, as alleged in the last sentence of paragraph 14, but denies the remainder of that sentence.

u)       That Exhibit 4 is a signed copy of a purchase order, as alleged in paragraph 15, but denies the remainder of that paragraph.

v)       That Exhibit 5 is a signed copy of a purchase order, as alleged in paragraph 16, but denies the remainder of that paragraph.

w)       That Exhibit 6 is a copy of a letter sent by JC Fodale's counsel, which has been quoted in part, as alleged in paragraph 18, but denies the remainder of that paragraph.

x)      That paragraph 19 quotes, in part, Exhibit 6, but denies the remainder of that paragraph.

y)      That Exhibit 7 is a copy of a letter sent by Capgemini's counsel, as alleged in paragraph 21, but denies the remainder of that paragraph.

z)      That the letter from Capgemini's counsel purports to explain why JC Fodale has no right to terminate any agreement, as alleged in paragraph 22, but denies the remainder of that paragraph and denies that JC Fodale cannot terminate any agreement.

aa)     That the letter from Capgemini's counsel alternatively purports to explain why, even if JC Fodale has the right to terminate any agreement, it must still pay Capgemini, as alleged in paragraph 23, but denies the remainder of that paragraph and denies that it owes Capgemini the amounts alleged in paragraph 23.

bb)     That the letter from Capgemini's counsel purports to provide detail regarding all invoices and purports to explain why JC Fodale's claim is "without basis," as alleged in paragraph 24, but denies the remainder of that paragraph, including that its claim is "without basis," and that detail of all invoices was provided by Capgemini.

cc)     That the letter from Capgemini's counsel to JC Fodale purports to demand payment of $1,861,381.93, as alleged in paragraph 27, but denies the remainder of that paragraph and denies that it owes Capgemini $1,1861,381.93.

dd)     That Exhibit 8 is a copy of a letter sent by JC Fodale's counsel, which has been quoted in part, as alleged in paragraph 28, but denies the remainder of that paragraph.

ee)     That the parties have engaged in additional discussions in an attempt to resolve this dispute, as alleged in paragraph 29, but denies the remainder of that paragraph.

2.      With regard to allegations made in the Complaint not specifically admitted above, JC Fodale is unable to admit or deny the following because of a lack of knowledge or information sufficient to form a belief, and therefore denies:

a)      The fifth sentence of clause (a) of paragraph 25.

b)      The third sentence of clause (b) of paragraph 25.

c)      The last sentence of clause (c) of paragraph 25.

d)      The last sentence of clause (d) of paragraph 25.

e)      The second sentence of clause (e) of paragraph 25.

f)      The last sentence of clause (f) of paragraph 25.

g)      The last sentence of clause (g) of paragraph 25.

h)      Clause (h) of paragraph 25.

3.      JC Fodale denies all remaining allegations in the Complaint not specifically addressed in paragraphs 1 and 2 above; denies that Capgemini has complied with its own agreements; and denies any relief is recoverable as requested in the prayer for relief.

### <u>Affirmative Defenses</u>

1.      CGT has no right of action against JC Fodale.

2.      CGT cannot state a claim upon which relief can be granted.

3.      CGT lacks standing to sue.

4.      This Court lacks subject-matter jurisdiction over CGT's claims.

5.      CGT's claims are barred, in whole or in part, because it did not enter into any contract with or provide any services to JC Fodale.

6.      Capgemini's claims are barred, in whole or in part, because it did not act reasonably.

7.      Capgemini's claims are barred, in whole or in part, because it did not act in good faith.

8.      Capgemini's claims are barred, in whole or in part, by the doctrine of unclean hands.

9.      Capgemini's claims are barred, in whole or in part, by the doctrine of release.

10.     Capgemini's claims are barred, in whole or in part, by the doctrine of payment.

11.     Capgemini's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

12.     Capgemini's claims are barred, in whole or in part, by mutual mistake.

## Jury Demand

JC Fodale hereby demands a jury trial on any issue triable of right by a jury.

Dated:  January 9, 2015

Respectfully submitted,

THOMPSON & KNIGHT LLP

By:     /s/ William M. Katz, Jr.
        William M. Katz, Jr. (WK 1776)
        One Arts Plaza
        1722 Routh Street, Suite 1500
        Dallas, Texas 75201
        214.969.1700
        214.969.1751 (facsimile)

        Attorney for Defendant
        JC Fodale Energy Services, LLC

**<u>Certificate of Service</u>**

I hereby certify that on January 9, 2015, a true and correct copy of this document was filed with the Clerk of the Court using the CM/ECF system; thus, notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*/s/ William M. Katz, Jr.*
William M. Katz, Jr.
