# THOMPSON & KNIGHT LLP

ATTORNEYS AND COUNSELORS

ONE ARTS PLAZA
1722 ROUTH STREET • SUITE 1500
DALLAS, TEXAS 75201-2533
(214) 969-1700
FAX (214) 969-1751
www.tklaw.com

AUSTIN
DALLAS
FORT WORTH
HOUSTON
LOS ANGELES
NEW YORK
SAN FRANCISCO

ALGIERS
LONDON
MEXICO CITY
MONTERREY
PARIS

William Katz
DIRECT DIAL: (214) 969-1330
EMAIL bill.katz@tklaw.com

March 20, 2015



**BY FACSIMILE (212) 805-6382**

Honorable Victor Marrero
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: **Capgemini U.S. LLC v. JC Fodale Energy Services, LLC, 14 CV 9102 (VM)**

Dear Judge Marrero:

Pursuant to the Minute Entry for proceedings held before Your Honor on March 6, 2015, wherein the Court directed the parties to report by March 20, 2015 the status of settlement discussions and whether they need additional time or assistance of a Magistrate Judge or mediator, defendant JC Fodale Energy Services LLC ("Defendant" or "JC Fodale") hereby submits this letter setting forth its position:

This lawsuit cries out for mediation before a Magistrate Judge. The parties have been discussing settlement proposals for months, and the gap between their respective offers is approximately the cost of what *each party* will spend to litigate this matter to judgment. In other words, from a purely economic perspective, it makes no sense to proceed with litigation until the parties have been ordered to mediate with a Magistrate Judge.

JC Fodale is prepared to appear before a Magistrate Judge to explain its position, both legally and economically, and respectfully requests that the Court order the parties to mediate with a Magistrate Judge. Contrary to Capgemini's suggestion, there is no need to wait for fact discovery to be completed before going to mediation. Capgemini has repeatedly taken the position that this is a straightforward breach-of-contract case, and thus there is little, if anything, to be gained from costly discovery, which will not materially alter the cost-benefit analysis related to a potential settlement.

If Capgemini believes in the strength of its position, it should be willing to defend that position to a Magistrate Judge. Assuming Capgemini is right, the Magistrate Judge will likely spend most of the mediation explaining to JC Fodale why is should increase its settlement offer.

{N0411027; 2}

Honorable Victor Marrero
March 20, 2015
Page 2

While the parties are ordered to mediate with a Magistrate Judge, JC Fodale respectfully requests that the Court continue to stay any discovery in this lawsuit. Capgemini's suggestion to allow discovery to proceed simultaneously does not make economic sense.

Finally, the Court should reject Capgemini's suggestion to force JC Fodale to post a bond or deposit funds into an escrow account. Capgemini has not provided the Court with any legal support or basis to do so, and Capgemini's suggestion presumes that it will prevail on its claims in this lawsuit, something that has yet to be decided. Accepting Capgemini's suggestion would pre-judge the outcome of this lawsuit and deny JC Fodale its due process rights to challenge Capgemini's claims.

For all these reasons, JC Fodale respectfully requests that the Court (a) order the parties to mediate with a Magistrate Judge; (b) continue to stay all discovery or other proceedings in this lawsuit until the mediation is completed; and (c) reject Capgemini's suggestion to have JC Fodale post a bond or deposit funds into an escrow account.

Respectfully submitted,

/s/ William M. Katz, Jr.
William M. Katz, Jr.
Direct line: 214-969-1330
William.katz@tklaw.com

cc:   Gerald D. Silver (By E-mail)

---

*Handwritten order:*

The Court is persuaded that the parties' time, energy, and resources could be more productively devoted to seeking a resolution through mediation for a period of 90 days, during which further discovery shall be stayed. The matter has been referred to Magistrate Judge James Francis, IV.

SO ORDERED:
3-23-15
DATE 3-23-15   VICTOR MARRERO, U.S.D.J.