```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/2/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

CAPGEMINI U.S. LLC and CAPGEMINI TECHNOLOGIES LLC,

                Plaintiffs,

-against-

JC FODALE ENERGY SERVICES, LLC,

                Defendant.

----------------------------------------X

14 Civ. 9102 (VM)

THOMPSON & KNIGHT LLP'S MOTION FOR LEAVE TO WITHDRAW (WITH CONSENT) AS COUNSEL FOR DEFENDANT JC FODALE ENERGY SERVICES, LLC

---

**THOMPSON & KNIGHT LLP'S MOTION FOR LEAVE TO WITHDRAW (WITH CONSENT) AS COUNSEL FOR DEFENDANT JC FODALE ENERGY SERVICES, LLC**

---

Pursuant to the Federal Rules of Civil Procedure and Southern District of New York Local Rule 1.4, Thompson & Knight LLP ("T&K"), by and through the undersigned counsel, files this Motion for Leave to Withdraw as Counsel for Defendant JC Fodale Energy Services, LLC ("JC Fodale"), with the consent of JC Fodale, and would respectfully show the Court as follows:

T&K requests that this Court permit William M. Katz, Jr. to withdraw as counsel for JC Fodale. JC Fodale is in the process of obtaining new counsel of record, and has been notified of, and consents to, this withdrawal.

For the foregoing reasons, T&K respectfully requests that the Court enter an Order permitting William M. Katz, Jr. and T&K to withdraw as counsel for JC Fodale in this action.

Dated: April 1, 2015                    Respectfully submitted,

                                        THOMPSON & KNIGHT LLP

                                        By: */s/ William M. Katz, Jr.*

                                        William M. Katz, Jr. (WK 1776)
                                        One Arts Plaza
                                        1722 Routh Street, Suite 1500
                                        Dallas, Texas 75201
                                        214.969.1700
                                        214.969.1751 (facsimile)
                                        William.katz@tklaw.com

                                        ATTORNEY FOR DEFENDANT
                                        JC FODALE ENERGY SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2015, a true and correct copy of this document was filed with the Clerk of the Court using the CM/ECF system; thus, notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                        */s/ William M. Katz, Jr.*
                                        William M. Katz, Jr.

SO ORDERED. Motion to withdraw and substitute counsel granted.

4-2-15
DATE                VICTOR MARRERO, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––––––––––X

CAPGEMINI U.S. LLC and CAPGEMINI TECHNOLOGIES LLC,

              Plaintiffs,

-against-

JC FODALE ENERGY SERVICES, LLC,

             Defendant.

––––––––––––––––––––––––––––––––––––––X

14 Civ. 9102 (VM)

THOMPSON & KNIGHT LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO WITHDRAW (WITH CONSENT) AS COUNSEL FOR DEFENDANT JC FODALE ENERGY SERVICES, LLC

---

**THOMPSON & KNIGHT LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO WITHDRAW (WITH CONSENT) AS COUNSEL FOR DEFENDANT JC FODALE ENERGY SERVICES, LLC**

---

## I.    INTRODUCTION

Plaintiffs filed this case on November 14, 2014 [Dkt. No. 1]. The Court held its initial pretrial conference with the parties on March 6, 2015. Following this conference, the Court ordered the parties to report to the Court two weeks later with the status of settlement discussions [Minute Entry, entered March 6, 2015]. After two weeks, the parties had not reached a settlement agreement. The Court has therefore stayed discovery for ninety days and directed the parties to mediation [Dkt. No. 13].

Though this case is in its early stages, JC Fodale Energy Services, LLC ("JC Fodale") has had difficulty making its agreed timely payments to Thompson & Knight LLP ("T&K") for its legal services provided in this lawsuit. This is due to the rapidly declining price of oil and resulting declining demand for oil field service providers like JC Fodale. Given JC Fodale's presently limited resources, it has decided that it would be more economically efficient to utilize its own in-house counsel to represent it in this lawsuit than to continue to retain T&K.

JC Fodale consents to T&K's withdrawal, and its relationship with T&K remains amicable. For these reasons, T&K moves the Court for leave to withdraw as counsel for JC Fodale. T&K also moves the Court to substitute T&K with Lauren McKnight as counsel for JC Fodale, once she is admitted to practice *pro hac vice* in this Court.

## II. T&K'S WITHDRAWAL IS IN JC FODALE'S BEST INTERESTS GIVEN ITS PRESENT FINANCIAL SITUATION.

JC Fodale provides oilfield services to petroleum exploration and production companies. The rapid decline of the price of oil since late 2014 has consequently diminished demand for oil field service providers like JC Fodale. Declaration of William M. Katz, Jr. ("Katz Decl."), ¶ 7. This sudden market change has prompted JC Fodale to economize as many aspects of its business as possible. *Id.* One opportunity to economize is by minimizing the costs JC Fodale has incurred (and will continue to incur) as a result of this lawsuit. Instead of continuing to incur legal fees for T&K's representation of it, JC Fodale has expressed its preference to instead utilize JC Fodale's in-house attorney, Lauren McKnight, to represent it in this lawsuit. *Id.* at ¶ 8.

Discovery has been stayed and this case has been ordered to mediation. The parties have engaged in ongoing settlement negotiations, and a settlement could be reached during mediation. For these reasons, now is an appropriate time for the Court to permit T&K's withdrawal as JC Fodale's counsel in this lawsuit.

## III. ARGUMENT AND AUTHORITIES

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides, in relevant part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the

calendar, and whether or not the attorney is asserting a retaining or charging lien.

Accordingly, "[w]hen considering whether to grant a motion to dismiss, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

### A. JC Fodale's desire to economize operations and retain its in-house counsel to represent it in this lawsuit justifies T&K's withdrawal.

JC Fodale has made the business decision to request and consent to T&K's withdrawal as counsel from this lawsuit in order to minimize the legal fees JC Fodale will incur. Katz Decl. ¶¶ 7–8. A party's inability to pay legal fees in accordance with contractual arrangements warrants an order granting leave to withdraw as counsel. *See* Local Civil Rule 1.4; *Police Officers for a Proper Promotional Process v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 7478 (LTS)(JCF), 2012 WL 4841849, at *1 (S.D.N.Y. Oct. 10, 2012) (citation omitted) ("it is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *Centrifugal Force, Inc. v. SoftNet Commc'n, Inc.*, No. 08 Civ. 5463 (CM)(GWG), 2009 WL 969925, at *2 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw.").

More specifically, the Southern District has reiterated that non-payment of fees constitutes a "satisfactory reason" under Local Civil Rule 1.4 and supports an order granting withdrawal. *See Blue Angel Films*, 2011 WL 672245, at *1 ("Although there is no clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal, it seems evident that the non-payment of legal fees constitutes such a reason.").

The sudden decline of oil prices has temporarily affected JC Fodale's ability to timely

THOMPSON & KNIGHT LLP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE
TO WITHDRAW (WITH CONSENT) AS COUNSEL FOR DEFENDANT JC FODALE ENERGY SERVICES, LLC—PAGE 3

remit payment to T&K for the legal services performed as counsel for JC Fodale in this lawsuit. Katz Decl. ¶ 7. T&K and JC Fodale have modified the payment terms under their agreement and T&K expects to be paid in full over time. *Id.* at ¶ 9. However, JC Fodale wishes to avoid incurring further legal fees from T&K. *Id.* at ¶¶ 7–8. To avoid a situation where JC Fodale might become unable to pay T&K for significant legal work performed in the future, JC Fodale has decided to utilize its in-house legal counsel. *Id.* at ¶ 8. The potential failure to pay legal fees constitutes a "satisfactory reason" under Rule 1.4. *See Negrin v. Kalina*, No. 09 Civ. 6234 (LGS) (KNF), 2013 WL 1736470, at *1 (S.D.N.Y. April 12, 2013) (granting motion to withdrawal because "plaintiffs lack the resources to continue to retain [counsel]"); *Diarama Trading Co. v. J. Walter Thompson U.S.A.*, Inc., No. 01 Civ. 2950 (DAB), 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons' include failure to pay legal fees.").

### B. Withdrawal at this stage of the litigation would not unduly disrupt the existing case schedule.

This lawsuit, filed in November 2014, is still in its infancy [Dkt. No. 1]. On March 23, 2015, the Court ordered the parties to mediation with a magistrate judge and stayed the case for ninety days [Dkt. No. 13]. Before entry of this order, Plaintiffs served written discovery requests on Defendant. Defendant has not served any written discovery and no depositions have been taken or are scheduled to be taken. Katz Decl. ¶ 6.

Given the early stage of this lawsuit, withdrawal of counsel is unlikely to prejudice the client or cause such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *See Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (holding that withdrawal of counsel is not unduly disruptive unless withdrawal is sought "on the verge of trial readiness"). Courts frequently grant motions to withdraw at this stage (and even later stages) of litigation. *See, e.g., D.E.A.R.*

*Cinestudi S.P.A. v. Int'l Media Films, Inc.*, No. 03 Civ. 3038 (RMB), 2006 WL 1676485, at *1–2 (S.D.N.Y. June 16, 2006) (granting leave to withdraw due to non-payment of fees where discovery was complete and trial was months away).

### C. JC Fodale consents to representation by its in-house counsel in this matter.

JC Fodale consents to T&K's withdrawal in this case. Katz Decl. ¶ 8. JC Fodale has agreed to be represented in this lawsuit by its in-house counsel, Lauren McKnight, who should be filing a motion for admission to practice *pro hac vice* in this Court in the near future. She is an attorney licensed by the State of Louisiana. Katz Decl. ¶ 8. Ms. McKnight is familiar with the facts of this case, as she has been involved in this lawsuit since its early stages. *Id.*

T&K is not asserting a retaining or charging lien in connection with its withdrawal.

### IV.  CONCLUSION

For the foregoing reasons, T&K respectfully requests that the Court enter an order permitting T&K to withdraw from its representation of JC Fodale in this action and substitute Lauren McKnight as counsel for JC Fodale, contingent upon her motion and admission to practice *pro hac vice*.

Dated: April 1, 2015                                Respectfully submitted,

                                                    THOMPSON & KNIGHT LLP

                                                    By: */s/ William M. Katz, Jr.*

                                                    William M. Katz, Jr. (WK 1776)
                                                    One Arts Plaza
                                                    1722 Routh Street, Suite 1500
                                                    Dallas, Texas 75201
                                                    214.969.1700
                                                    214.969.1751 (facsimile)
                                                    William.katz@tklaw.com

                                                    ATTORNEY FOR DEFENDANT
                                                    JC FODALE ENERGY SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2015, a true and correct copy of this document was filed with the Clerk of the Court using the CM/ECF system; thus, notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

                                                    */s/ William M. Katz, Jr.*
                                                    William M. Katz, Jr.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
CAPGEMINI U.S. LLC and CAPGEMINI : 
TECHNOLOGIES LLC, :
: 
                Plaintiffs, : 14 Civ. 9102 (VM)
:
-against- : DECLARATION OF WILLIAM M.
: KATZ, JR.
:
JC FODALE ENERGY SERVICES, LLC, :
:
                Defendant. :
_____X

## DECLARATION OF WILLIAM M. KATZ, JR.

I, William M. Katz, Jr., hereby declare under penalty of perjury that the following is true and correct.

1.      I am an attorney admitted to practice under the laws of the State of New York. I am a partner of Thompson & Knight LLP ("T&K"), counsel for defendant JC Fodale Energy Services, LLC ("JC Fodale") in this action. I am familiar with the facts and procedural history of this case.

2.      I submit this declaration in support of T&K's motion for leave to withdraw as counsel for JC Fodale, pursuant to Rule 1.4 of the Local Rules of Practice for the United States District Court for the Southern District of New York.

3.      T&K appeared as counsel for JC Fodale in this case on December 9, 2014 [Docket No. 5].

4.      On behalf of JC Fodale, T&K filed an answer to the complaint on January 9, 2015 [Docket No. 7]. After the initial pretrial conference on March 6, 2015, the Court encouraged the

parties to engage in settlement discussions and report the status of these discussions after two weeks. The parties have not reached a settlement at this time.

5. Accordingly, the Court referred the case to Magistrate Judge James C. Francis [Docket No. 13, entered March 23, 2015]. Additionally, the Court stayed discovery for ninety days.

6. At this time, the discovery phase of this lawsuit has barely begun and is currently stayed. On March 4, 2015, Plaintiffs served JC Fodale with written discovery. JC Fodale has not propounded discovery requests upon Plaintiffs. No depositions have been taken and no depositions are scheduled to be taken, in light of the stay.

7. The rapid decline of the price of oil since late 2014 has diminished the demand for oil field service providers like JC Fodale. This change in the marketplace has prompted JC Fodale to economize as many aspects of its business as possible.

8. Instead of continuing to incur legal fees for T&K's representation of it in this lawsuit, JC Fodale has expressed its preference to utilize its in-house attorney, Lauren McKnight, to represent it in this lawsuit. Ms. McKnight is an attorney licensed by the State of Louisiana. JC Fodale consents to T&K's withdrawal.

9. T&K and JC Fodale have modified the payment terms under their engagement agreement and T&K expects to be paid in full, over a period of time, for the services it has rendered in connection with this lawsuit.

10. T&K is not asserting a retaining or charging lien in connection with its withdrawal.

11. Granting this motion would cause no prejudice to JC Fodale, nor any disruption to the proceedings. The lawsuit is currently stayed; discovery is in its early stages; and a trial date

DECLARATION OF WILLIAM M. KATZ, JR.—PAGE 2

has not been scheduled in this case.

Dated: April 1, 2015

_____
William M. Katz, Jr.

DECLARATION OF WILLIAM M. KATZ, JR.—PAGE 3