

**SULLIVAN & WORCESTER**

Sullivan & Worcester LLP  
1633 Broadway  
New York, NY 10019

T 212 660 3000  
F 212 660 3001  
www.sandw.com

November 6, 2015



USDC SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: 11/9/15

**BY FACSIMILE (212) 805-6382**

Honorable Victor Marrero  
Courtroom 20B  
United States Courthouse  
500 Pearl Street  
New York, NY 10007-1312

Re: <u>Capgemini U.S. LLC v. JC Fodale Energy Services, LLC, 14 CV 9102 (VM) (JCF)</u>

Dear Judge Marrero:

    We represent plaintiffs Capgemini U.S. LLC and Capgemini Technologies LLC (collectively, "Capgemini") in the above-referenced action against defendant JC Fodale Energy Services, LLC ("Fodale"). Pursuant to Your Honor's direction at the telephone conference held on October 30, 2015, wherein Fodale stipulated to liability (see Minute Entry and the Stipulation annexed hereto), Capgemini hereby submits this letter explaining why there are no material issues of fact relating to damages so that Capgemini may proceed with a motion for summary judgment to obtain a sum certain and fully dispose of this action.

    As the Court may recall, this is a breach of contract case. Capgemini is a technology consultant and software reseller. Fodale provides oil field services, such as renting oil trucks and equipment to oil drilling companies. Capgemini regularly provides and implements SAP software for companies in the oil and energy business.

    In August 2014, the parties entered into a Master Services Agreement and several statements of work and purchase orders thereunder (collectively, the "Agreements"). As set forth above, Fodale stipulates that it is liable to Capgemini under the Agreements; the only remaining question is the amount thereof. There are no genuine issues of material fact that damages are due from Fodale to Capgemini under the respective Agreements as follows:

1. <u>The SAP Implementation SOW.</u>

    After a period of competitive bidding, the parties entered into an SAP Implementation Project Statement of Work dated September 2, 2014, calling for Capgemini to help implement the SAP software over a one year period (the "SAP Implementation SOW"). Total fees set forth in the SAP Implementation SOW are $3,421,370 (Complaint Ex. 2 § 6.1).

    a. <u>Outstanding Invoices.</u>

    Pursuant to the SAP Implementation SOW at § 6.3, Capgemini invoiced Fodale for SAP implementation services in the amount of $271,279.13 and $77,902.48 for services performed by

{N0436728; 4}

Honorable Victor Marrero
November 6, 2015
Page 2

Capgemini, primarily in Fodale's offices, in September and October 2014, respectively (Complaint Ex. 7 Exs. B and F), neither of which has been timely paid by Fodale, constituting a material breach.[1] Accordingly, Capgemini is entitled to recover the invoiced total amount of $349,181.61 ($271,279.12 + $77,902.48).

      b.    <u>Benefit Of The Bargain</u>.

It is well settled under New York law that Capgemini is entitled to the amount necessary to put Capgemini in the same economic position it would have been in had Fodale fulfilled the contract, <u>i.e.</u>, benefit of the bargain damages, which are the revenues it would have received had Fodale performed the contract, less costs avoided.[2] Thus, Capgemini is also entitled to recover the remaining fees due under the SAP Implementation SOW of $3,072,188.39 ($3,421,370 - $349,181.61), less costs avoided. Capgemini has successfully implemented such SAP software for numerous similarly situated oil energy clients at Capgemini's contemplated and planned gross profit margin of 54.7%. The work was planned to be done and would have been completed within one year and therefore is not speculative.[3] Hence, Capgemini is entitled to recover damages of $1,680,487 ($3,072,188.39 x 54.7%).

      2.    <u>SAP ERP Software</u>.

Pursuant to a purchase order, Fodale agreed to purchase from Capgemini SAP software from Capgemini for $1,030,400, plus tax (Complaint Ex. 4 and Ex. 7 at Ex. A). Capgemini purchased it on Fodale's behalf for $807,354.40. Although Capgemini was able to reduce Fodale's damages by returning the software to SAP, Capgemini is nevertheless entitled to its benefit of the bargain damages of $223,045.60.

      3.    <u>SAP Cloud Service</u>.

Pursuant to a purchase order, Fodale agreed to purchase from Capgemini SAP Cloud Services for $120,000.00, plus tax (Complaint Ex. 5 and Ex. 7 at Ex. D). Capgemini purchased such software on Fodale's behalf for $101,697. Although Capgemini was able to reduce Fodale's damages by returning the software to SAP, Capgemini is nevertheless entitled to its benefit of the bargain damages of $18,303.

      4.    <u>SAP Maintenance</u>.

Pursuant to a purchase order, Fodale purchased SAP Maintenance from Capgemini for

---

[1] Fodale also materially breached by purporting to terminate the Agreements on November 5, 2014 without any contractual right to do so, and without providing the requisite notice of material breach and thirty day opportunity to cure (Complaint Ex. 8). Hence, Fodale's material breaches occurred by November 5, 2014, at the latest.

[2] "The general rule for measuring damages for breach of contract has long been settled. It is the amount necessary to put plaintiff in the same economic position he would have been in had the defendant fulfilled his contract . . . the proper formula . . . for lost . . . profits [is] the revenues [plaintiff] would have received from the [contracted-for activity] minus the additional costs he would have incurred in handling [the contracted-for activity]." <u>Adams v. Linblad Travel, Inc.</u>, 730 F.2d 89, 92-93 (2d Cir. 1984) (awarding plaintiff lost revenues less costs avoided); <u>Alesayi Beverage Corporation v. Canada Dry Corporation</u>, 947 F. Supp. 658, 671-672 (S.D.N.Y. 1996) (same).

[3] <u>See, e.g.</u>, <u>Shred-IT USA, Inc. v. Mobile Data Shred, Inc.</u>, 238 F. Supp.2d 604, 612 (S.D.N.Y. 2002) (Marrero, J.) (awarding plaintiff breach of contract damages of one year of lost revenues at a profit margin of 61%).

{N0436728; 4}

Honorable Victor Marrero
November 6, 2015
Page 3

behalf for $177,617.97. Although Capgemini was able to reduce Fodale's damages by returning the software to SAP, Capgemini is nevertheless entitled to its benefit of the bargain damages of $33,582.03.

   5. The COMPLETE SOW.

Capgemini and Fodale also entered into a Statement of Work for Capgemini to provide certain "hosting" or managed services to Fodale (the "COMPLETE SOW"; Complaint Ex. 3). Pursuant to § 6 of the COMPLETE SOW, Capgemini is entitled to the following damages.

   a. Capgemini was to provide set-up services at a set-up fee of $25,500. Capgemini performed Phase 1 of the setup and invoiced Fodale $12,500 for such services (Complaint Ex. 7 at Ex. C)

   b. Capgemini was to bill Fodale for Amazon Web Services usage fees of $7,886. Fodale incurred usage fees for September of $1,372.18 and Capgemini invoiced for such services (Complaint Ex. 7 at Ex. E).

   c. Capgemini was to bill Fodale for Amazon Web Services in the amount of $122,134. Capgemini only incurred $19,630.54 of this amount and only invoiced Fodale for such amount (Complaint Ex. 7 at Ex. H).

\* \* \*

Accordingly, the following is due and payable from Fodale to Capgemini pursuant to the plain language of the parties' Agreements and applicable law:

| | |
|---|---|
| SAP Implementation SOW Invoices | $ 349,181.61 |
| SAP Implementation SOW -- Benefit of the Bargain | 1,680,487.00 |
| SAP ERP Software | 223,045.60 |
| SAP Cloud Service | 18,303.00 |
| SAP Maintenance | 33,582.03 |
| Set-Up Fee | 12,500.00 |
| Amazon Web Services Usage Fee | 1,372.18 |
| Amazon Web Services Reserve Fee | 19,630.54 |
| **TOTAL** | **$2,338,101.96** |

Prejudgment interest is due from no later than November 5, 2014. Adams, 730 F.2d at 93. Accordingly, Capgemini respectfully requests that the Court permit Capgemini to move for summary judgment on the amount of damages due.

Respectfully submitted,

Gerald D. Silver

Encl.

cc: Alexander Mijales, Esq. (By Email)
    Laura McKnight, Esq. (By Email)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by plaintiffs.
>
> SO ORDERED.
>
> 11-9-15
> DATE     VICTOR MARRERO, U.S.D.J.