

**JC Fodale Energy Services, LLC**
**JC Fitzgerald Energy Services, LLC**

November 16, 2015

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/15

<u>Via Facsimile (212)805-6382</u>

Honorable Victor Marrero
Courtroom 20B
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: Capgemini U.S. LLC v. JC Fodale Energy Services, LLC, 14 CV 9102 (VM) (JCF)

Dear Judge Marrero:

I, along with Alexander Mijalis, represent defendant, JC Fodale Energy Services, LLC (hereinafter referred to as "JC Fodale") in the above-referenced matter filed by Capgemini U.S. LLC and Capgemini Technologies LLC (hereinafter referred to collectively as "Capgemini"). Pursuant to the Court's directive during the telephone conference on October 30, 2016 wherein JC Fodale stipulated to liability, defendant submits this letter in opposition to Capgemini's suggestion there are no material issues of fact relating to damages that preclude a motion for summary judgment.

Many of the initial facts outlined by plaintiff's letter are undisputed. In August 2014, Capgemini, a technology company, and JC Fodale, an oil field services company, executed a contract for the purchase, installation and maintenance of certain accounting software. The Master Services Agreement, along with various statements of work and purchase orders (collectively referred to as "MSA"), sets forth the anticipated timeline, costs and fees for the project. As in most design contracts for construction or software implementations, the MSA anticipates success and assumes everything will go according to plan.

In its letter to this Honorable Court, Capgemini states it is entitled to proceed with a motion for summary judgement because there are no general issues of material fact. Capgemini identifies five (5) areas with citations to the MSA and its Complaint as support. Namely, Capgemini claims it is entitled to damages from JC Fodale for the following categories: (1) implementation of SAP, including outstanding invoices and the alleged benefit of the bargain; (2) purchase costs, including taxes, for the software; (3) hosting costs for the software; (4) software maintenance; and (5) complete statement of work. JC Fodale stipulated to liability with the plaintiff and the Order was entered by this Court. JC Fodale also agrees that Capgemini is owed damages for its work. The amount of damages, however, is undetermined by the letter, Complaint, discovery responses and other details that render summary judgment improper at this time.

In its letter to this Court dated November 6, 2016, Capgemini claims it is entitled to $2,338,101.96 in damages along with interest and costs. These allegations and purported calculations are completely unsupported. For instance, Capgemini's claim of damages for the SAP implementation for past work done and outstanding invoices ignores the fact that defendant notified Capgemini the form of the invoices was improper and more detailed analysis was required for payment (Complaint ¶ 19) This notification occurred less than one month after the project commenced. Rather than provide more detail substantiating the

invoices with detailed analysis, Capgemini filed suit and cited the MSA.

In its letter, plaintiff claims it is well established that a party is entitled to recover damages based on the theory benefit of the bargain and cites several cases to support its argument. Capgemini completely ignores the fact that it failed to produce a single thing to JC Fodale. While Capgemini may state the project was erroneously cancelled one month into the contract, that assertion fails to resolve the fact that nothing has been produced to date. There is no evidence that plaintiff complied with the requested detailed analysis for the outstanding invoices or to refute JC Fodale's request for details regarding Capgemini's work under the MSA. Capgemini's failure to produce the requested detailed analysis renders the claims for outstanding invoices and benefit of the bargain speculation at best.

The theory of recovery based on benefit of the bargain applies to both the plaintiff and defendant. In this instance, the claim in the letter assumes the implementation would be completed within one year, ignoring the deposition testimony of Gerald Fodale and Patrick Giampaolo who note that problems were raised shortly after the process began. Capgemini and JC Fodale searched for solutions to the problems but were unable to resolve the differences with Capgemini in a satisfactory manner. The testimony of Mr. Fodale and Mr. Giampaolo demonstrate genuine issues of material fact rendering summary judgment improper at this time.

Next, Capgemini claims it is entitled to the purchase costs for the SAP ERP software including the taxes and implementation costs. In its letter, plaintiff acknowledges the software was returned to SAP. Thus, claims for actual damages regarding the purchase of the software, taxes and implementation are not supported and this claim should be ignored.

The requests for payment for the SAP cloud service, SAP maintenance and Complete SOW fail for the same reason as the SAP ERP software claims outlined earlier. Capgemini acknowledges it reduced the costs for these items but seeks recovery all the same. This demand for recovery places Capgemini in a better position than it would have had if the services were provided. This ignores JC Fodale's rights to benefit from its dealing with plaintiff and is based on assumptions. Such reasoning should not serve as the basis for a summary judgment.

In this matter, JC Fodale acknowledges certain amounts are owed to Capgemini. Because the amounts are uncertain, include speculative calculations and are based on based on assumptions, material issues of genuine facts exist precluding summary judgment.

Respectfully submitted,

Lauren Bianca McKnight
General Counsel for JC Fodale Energy Services, LLC

Encl.
cc: Alexander Mijalis, Esq. (By Email)
    Gerry Silver, Esq. (By Email)

> The Clerk of Court is directed to enter into the public record of this action the letter above submitted to the Court by defendant JC Fodale.
>
> SO ORDERED.
>
> 11-17-15
> DATE        VICTOR MARRERO, U.S.D.J.